In July, 1925, defendant George Stassi executed to complainant a bond and mortgage on certain premises to secure the sum of $3,500. This mortgage was foreclosed, resulting in a deficiency, and complainant then sued George Stassi, who was then a resident of the State of New York, in the supreme court in that state, and on the 28th day of February, 1928, entered a judgment in the New York court for upwards of $4,000. Subsequently complainant issued an attachment against the property of George Stassi as a non-resident of this state, in the Bergen county circuit court. On the 8th day of December, 1925, George Stassi executed a deed to another parcel of property to his brother, Sebastiano Stassi, and his sister-in-law, who are the other defendants in this case. This suit has been brought in aid of the attachment and prays for relief that the deed of December 8th, 1925, be set aside as fraudulent against the complainant.
Complainant contends that the conveyance by George Stassi was a voluntary one and without consideration or at most, was for a wholly inadequate consideration; so that it should be wholly set aside, or that at most the property should stand only as security for the amount paid by Sebastiano Stassi and his wife.
I do not consider that complainant has made out a case which entitles him to either one of these alternative forms of relief as he has not presented sufficiently clear and convincing proof as to the truth of the elements necessary to entitle him to relief.
The testimony of Sebastiano and his wife is in effect that at the time the deed was given to them, George owed them some $1,300 for various sums advanced from time to time previously and that on the delivery of the deed they paid him an additional $200, taking a receipt for the $1,500 which they say was the agreed price for the property. There was no direct disproof of their testimony, and while the relationship of the parties to the transaction and their explanations as to the circumstances of the prior advances together with the fact that George Stassi did not appear to sustain their *Page 197 
story, might seem to allow a suspicion as to their good faith, I do not consider that complainant has sufficiently proven the fraud. The surrounding circumstances were such that the transaction could easily have been made in the good faith which these defendants assert. There is no proof that on December 8th, 1925, George Stassi was insolvent or that the conveyance would render him insolvent.
An effort was made to show that the sum of $1,500 was so grossly inadequate that of itself it showed that the sale was notbona fide, but was a voluntary conveyance for its value above that figure, even if not wholly fraudulent. Several witnesses for each side testified with a wide variation of opinion as to the value. In common with realty everywhere, there was a boom at about this time followed by a collapse and the witnesses were able to verify their estimates by substantially no proofs of contemporary sales of similar premises. The assessed valuation of $600 at the time of the deed would certainly not indicate an inadequate consideration.
A decree will be advised dismissing the bill.